UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>BRADLEY KOHORST,<br>Defendant. | Case No. 3:23-CR-2-ART-CLB-1<br>ORDER |

On May 2, 2023, Mr. Kohorst entered a plea of guilty to Murder-for-Hire Conspiracy, 18 U.S.C. §§ 1958(a) and (2). (ECF No. 56.) Mr. Kohorst was sentenced to 120 months of incarceration followed by three years of supervised release on June 2, 2026. (ECF No. 99.) On June 18, 2026, Mr. Kohorst moved to reconsider his sentence. (ECF No. 100.) The government filed a response. (ECF No. 105.) For the following reasons, the Court denies Mr. Kohorst's motion.

While district courts generally have "inherent authority" to decide motions for reconsideration and rehearing of orders in criminal proceedings, 18 U.S.C. § 3582 (1994) expressly limits the court's authority in sentencing. *United States v. Aguirre*, 214 F.3d 1122 (9th Cir. 2000) (citing *United States v. Barragan Mendoza*, 174 F.3d 1024, 1028 (9th Cir.1999)); *Dolan v. United States*, 560 U.S. 605, 622 (2010) ("Once a sentence has been imposed, ..., it is final, and the trial judge's authority to modify it is narrowly circumscribed.") "Rule 35[(a)] provides the only plausible avenue by which the district court could properly correct or modify [the] original sentence." *Barragan Mendoza*, 174 F.3d at 1028 (referring to Rule 35(c) which is now Rule 35(a)). Under Federal Rule of Criminal Procedure 35(a), "an error may be corrected by the trial court only if it is 'clear,' and only within 14 days after the sentence is announced." *Id.* Specifically, Rule 35 provides

that: "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

Mr. Kohorst asks the Court to reconsider his sentence on the grounds that its difference from his female co-conspirator's "suggests unfairness and disproportionality due to gender." (ECF No. 100 at 6.) Though his motion is timely, it fails to identify an "arithmetical, technical, or other clear error" for the court to correct. Rule 35(a) allows a district court "to modify a sentence only in very limited instances and not merely to 'reconsider' sentencing issues." *Barragan–Mendoza*, 174 F.3d at 1028. Here, the Court did not clearly err in sentencing, nor does Mr. Kohorst contend that it did.

## I. Conclusion

It is therefore ordered that Mr. Kohorst's Motion to Reconsider Sentence (ECF No. 100) is DENIED.

Dated this 28th day of July, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE